UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

WANDA IVELISSE RODRIGUEZ FUENTES,

Plaintiff,

vs.

KISSIMMEE OPTICAL, INC. and
JACK MAZLIN,

Defendants.
_____/

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, WANDA IVELISSE RODRIGUEZ FUENTES, by and through undersigned counsel, hereby files her Complaint and Demand for Jury Trial against Kissimmee Optical, Inc. and Jack Mazlin, and states as follows:

## I.     INTRODUCTION

1.     This is an action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

1

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b).

### III.     <u>FACTUAL ALLEGATIONS</u>

4.     Kissimmee Optical, Inc. ("Kissimmee Optical") provides eye exams and sells eye glass frames, eye glass lenses, contact lenses, prescription sunglasses and numerous other products to its customers.

5.     Jack Mazlin ("Mr. Mazlin") is the owner and sole member of Kissimmee Optical.

6.     Mr. Mazlin is the sole organizer of Kissimmee Optical.

7.     Mr. Mazlin is involved in the day-to-day operations of Kissimmee Optical.

8.     Mr. Mazlin is actively engaged in the management, supervision, and oversight of Kissimmee Optical.

9.     Mr. Mazlin has control over the financial affairs of Kissimmee Optical.

10.     Mr. Mazlin guided the company policies of Kissimmee Optical.

11.     Mr. Mazlin guided the employment policies of Kissimmee Optical.

12.     Mr. Mazlin has authority to hire and fire employees of Kissimmee Optical.

13.     Mr. Mazlin has hired and fired employees of Kissimmee Optical.

14.   Mr. Mazlin sets the rate of pay for the employees of Kissimmee Optical.

15.   Mr. Mazlin set the compensation structure for the employees of Kissimmee Optical.

16.   Mr. Mazlin established when the workweek began for Kissimmee Optical.

17.   Mr. Mazlin established when the workweek ended for Kissimmee Optical.

18.   Mr. Mazlin established the regular payday for Kissimmee Optical.

19.   Mr. Mazlin made the determination regarding which employees would receive overtime wages.

20.   Mr. Mazlin made the determination regarding which employees would not receive overtime wages.

21.   Mr. Mazlin has direct responsibility for the supervision of the employees of Kissimmee Optical.

22.   Mr. Mazlin had direct responsibility for the supervision of Ms. Wanda Ivelisse Rodriguez Fuentes ("Ms. Rodriguez) while she was employed by Kissimmee Optical.

23.   Mr. Mazlin at all times material hereto was acting directly or indirectly in the interest of Kissimmee Optical in relation to Kissimmee

3

Optical's employees and was substantially in control of the terms and conditions of the employees' work.

24.    Ms. Rodriguez commenced employment with Kissimmee Optical in 2016 until approximately June 28, 2020.

25.    On or about June 28, 2020, based on information and belief, Kissimmee Optical was purchased by Insight Eyecare and Optical, LLC.

26.    Ms. Rodriguez was paid an hourly rate as an employee of Kissimmee Optical.

27.    Ms. Rodriguez's duties included, but were not limited to, selling eye glass frames, selling eye glass lenses, selling contact lenses, selling prescription sunglasses, ordering supplies, repairing glasses, and customer service.

28.    At all times relevant to her employment, Ms. Rodriguez regularly used the instrumentalities of interstate commerce while performing her work.

29.    At all times relevant to her employment, Ms. Rodriguez also regularly used the channels of commerce while performing her work.

30.    Kissimmee Optical is an "employer" as defined by 29 U.S.C. § 203(d).

31.    Kissimmee Optical has employees subject to the provisions of the FLSA at its St. Cloud, Florida facility where Ms. Rodriguez was employed.

32.    Kissimmee Optical has employed two or more persons, including Ms. Rodriguez, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

33.    Ms. Rodriguez avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act Defendant, Kissimmee Optical was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

34.    Ms. Rodriguez worked overtime in numerous workweeks and did not receive proper overtime pay.

35.    Kissimmee Optical had knowledge that Ms. Rodriguez was working overtime without proper compensation.

36.    Kissimmee Optical failed to make a good faith effort to determine if Ms. Rodriguez was being compensated appropriately pursuant to the FLSA.

37.    Kissimmee Optical has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C.

§§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

38.     Kissimmee Optical also failed to post the required notice pursuant to the Fair Labor Standards Act.

39.     Ms. Rodriguez has retained LaBar & Adams, P.A. to represent her and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**PLAINTIFF, MS. RODRIGUEZ'S CLAIM**
**FOR VIOLATIONS OF THE OVERTIME PROVISION OF**
**THE FAIR LABOR STANDARDS ACT**

40.     Plaintiff, Ms. Rodriguez, re-alleges and incorporates herein the allegations contained in paragraphs 2-39 above.

41.     Ms. Rodriguez was employed by Kissimmee Optical from 2016 until approximately June 28, 2020.

42.     From 2016 until approximately June 28, 2020, Kissimmee Optical repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Rodriguez at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.  Specifically, Ms. Rodriguez worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

43.     Kissimmee Optical willfully failed to maintain and keep

accurate time records as required by the Fair Labor Standards Act.

44.    Kissimmee Optical failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Rodriguez demands a judgment against Kissimmee Optical and Jack Mazlin for the following:

(a)    Unpaid overtime wages found to be due and owing;

(b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)    Prejudgment interest;

(d)    A reasonable attorney's fee and costs; and,

(e)    Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Ms. Rodriguez demands a jury trial on all issues contained in Count I.

Dated:  August 27, 2021

Respectfully submitted,

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)